JAMES B. MANNING, Appellant, *v.* NEVADA STATE BOARD OF ACCOUNTANCY, Respondent.

No. 14622

December 20, 1983                   673 P.2d 494

[Rehearing denied January 24, 1984]

*Crowell, Crowell, Crowell, Baker & Susich, Ltd.,* Carson City, for Appellant.

*Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd.,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Respondent Nevada State Board of Accountancy filed a complaint in district court against appellant James B. Manning seeking an injunction to restrain Manning from the use of the word "accountant" in his business. NRS 628.540(1).[1] The district judge issued the injunction. NRS 628.570.[2] Manning appeals.

### THE FACTS

Manning began his accounting career 29 years ago in Pennsylvania. He moved to California where he practiced accounting from 1955 to 1967. In 1967 Manning moved to Carson City, Nevada, where he has contined his accounting practice under the name "J. B. Manning, Accountant."

In 1972 Manning twice applied to the State Board to take the licensing examination. The applications were rejected. In the

---

[1]NRS 628.540(1) provides in pertinent part:

[A] person, partnership or corporation shall not engage in the *practice of public accounting* or hold himself or itself out to the public as an "accountant" or "auditor" by use of either or both of those words, or by use of the word "accounting," or any sign, card, letterhead or in any advertisement or director unless, if a natural person, he holds a live permit, or if a partnership or corporation, it is registered pursuant to NRS 628.340 or 628.360. (Emphasis added.)

[2]NRS 628.570 provides:

Whenever in the judgment of the board any person has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of NRS 628.450 to 628.550, inclusive, the board may make application to an appropriate court for an order enjoining such acts or practices, and upon a showing by the board that such person has engaged, or is about to engage, in any such acts or practices, an injunction, restraining order or such order as may be appropriate shall be granted by such court without bond.

second rejection the Board requested Manning to remove the word "accountant" from his sign.[3] Four years later, in 1977, the Board's attorney wrote Manning asking Manning to remove the sign. In 1982, five years later, the instant suit was commenced seeking an injunction prohibiting Manning from using the word "accountant" on the sign.

## EQUITABLE ESTOPPEL

Respondent does not contest that an estoppel is adequately shown upon the facts presented. But, respondent argues that estoppel may not be raised because it is a governmental agency. We do not agree.

It is generally true that an estoppel may not be raised against the government when it is acting in its sovereign capacity to assert title to land. Thus we have held that the government may not be estopped to assert rights in the beds of navigable waters simply because it failed to object to an encroachment. State v. Bunkowski, 88 Nev. 623, 634, 503 P.2d 1231 (1972). Yet even in this situation the courts have recognized that estoppel may lie when justice dictates that it apply. City of Long Beach v. Mansell, 476 P.2d 423, 441-451 (Cal. 1970) (government estopped to assert title to tidelands).

We have always adhered to the overriding goal of equity to achieve justice and "prevent the unconscientious and inequitable assertion or enforcement of claims or rights." Mansell, 476 P.2d at 442 n. 22 quoting 3 Pomeroy, Equity Jurispurdence (5th ed. 1941) sec. 802, p. 180; see Nevada Pub. Emp. Ret. Bd. v. Byrne, 96 Nev. 276, 280, 607 P.2d 1351 (1980).

There is not a scintilla of evidence suggesting that Manning's accounting services had not been satisfactory. The Board had actual knowledge for many years of Manning's use of the word "accountant" in his practice. The Board did not promptly enforce its right to enjoin the practices. See NRS 628.570. It waited fifteen years while Manning worked diligently to build a practice that has enabled him to make a tolerable living. To now bar Manning from that practice would be unfair and unjust. We reverse the order granting the injunction.

---

[3]The State initiated registration of accountants in 1960. 1960 Nev. Stats. ch. 131, p. 160. A grandfather clause permitted a person of good moral character over age twenty then residing, practicing and holding himself out as an accountant within the state to be registered and continue practice as a "public accountant." Id. at Sec. 36, p. 168-169. They were qualified to take the test, but not required to do so to practice as "public accountants." Id. at Sec. 22, pp. 165-166.